# IN THE COURT OF APPEALS OF IOWA

No. 16-0476
Filed January 11, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CURTIS JACK ALFORD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt,

District Associate Judge.

Curtis Alford appeals the sentence imposed following his *Alford* plea.

**SENTENCE VACATED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

**I. Background Facts and Proceedings.**

On November 15, 2015, Curtis Alford drove his Chevy Tahoe into a Ford F-150 carrying the three complaining witnesses. The F-150 was pushed out of the intersection onto a yard of an adjacent home and rolled, landing on the driver's side. Alford fled the scene on foot.

After the F-150 was rolled back onto its wheels, two of the complaining witnesses were able to exit the vehicle by themselves. The third complaining witness had to be extricated from the vehicle. Two of the Ford F-150 occupants were transported to the hospital for treatment.

Police officers arrived and eventually located Alford. Officers instructed him to stop and lie down on the ground, and he complied. Alford's face was bleeding, and he had multiple cuts on his arm. He was transported to the hospital for treatment. While there, urine samples were obtained and sent off for blood-alcohol content (BAC) testing. The results later indicated a BAC of .065.

The State charged Alford with leaving the scene of an injury accident, in violation of Iowa Code section 321.261(2) (2015), along with other charges. Alford entered a written guilty plea pursuant to *North Carolina v. Alford*,[1] acknowledging "strong evidence of his guilt" and agreeing the court "may consider statements of counsel, the minutes of testimony and police reports." After accepting the *Alford* plea February 12, 2016, the court scheduled sentencing for March 11. Alford waived the reporting of the sentencing

---

[1] *See* 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

proceeding. The court sentenced Alford to one year in jail with all but forty-five days suspended. He was also placed on two years' probation.

Alford appeals.

## II. Standard of Review.

Our review of the district court's sentencing decision is for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "In applying discretion, the court 'should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. . . . The punishment should fit both the crime and the individual.'" *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citations omitted). Additionally, when the district court imposes a sentence within the statutory limit, the sentence is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

The court abuses its discretion when its decision is based on "clearly untenable" grounds or the extent of discretion exercised is "clearly unreasonable." *Hill*, 878 N.W.2d at 272. A court's sentencing rationale is "untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to provide "at least a cursory explanation" for the sentence imposed to allow for appellate review of its exercise of discretion. *See State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "[I]f the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its

discretion . . . ." *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014). Additionally, "[a] sentence will not be upset on appellate review unless the defendant demonstrates an abuse of discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (citing *State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983)).

**III. Discussion.**

On appeal, Alford contends the district court abused its discretion by improperly considering Alford's alcohol use as an aggravating factor in imposing judgment and sentencing. He argues that because the record does not support that he was legally intoxicated, admitted to intoxication, or convicted of operating while intoxicated, the court could not consider that factor at sentencing. He urges us to vacate his sentence and remand for resentencing.

Although Alford was initially charged with multiple counts,[2] he entered a plea deal with the State in which he agreed to enter an *Alford* plea to the leaving-the-scene-of-an-injury-accident charge. The remaining charge was dismissed with the agreement Alford would pay restitution. Alford's consumption of alcohol was never prosecuted nor was he convicted of any crime related to intoxication.

In its sentencing order, the district court stated:

Due to the seriousness of the accident and the fact that alcohol was involved, the court finds that a period of jail time is appropriate. Defendant's criminal history and the fact that his license was suspended at the time of the accident are important factors in the court's sentence.

---

[2] The other charge appears to be an unrelated third-degree theft charge.

While the interaction between Alford and the officers and the results of Alford's blood-alcohol test were described in detail in the minutes of testimony, Alford never admitted to any alcohol-related offenses and the State did not prove they occurred. *See Witham*, 583 N.W.2d at 678 ("A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it."). "We have approved using the minutes to establish a factual basis for the charge to which the defendant pleads guilty." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *State v. Gonzales*, 582 N.W.2d 515, 516 (Iowa 1998). The State urges us to find the district court did not abuse its discretion because Alford entered into an *Alford* plea rather than admitting to any specific factual basis for his guilty plea and additionally because there was "substantial evidence in the record that alcohol was a factor in the accident." We disagree, and we find the district court should not have considered Alford's alcohol consumption as a factor at sentencing.

Because "we cannot speculate about the weight the trial court mentally assigned" the unproven facts, or "whether it tipped the scales to imprisonment," we vacate Alford's sentence and remand for sentencing. *See State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981).

**SENTENCE VACATED AND REMANDED.**