## IN THE COURT OF APPEALS OF IOWA

No. 18-0444
Filed September 26, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSE FELIPE PENA,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman

Salic, District Associate Judge.

Jose Pena appeals the sentence imposed upon his conviction of child

endangerment resulting in bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

In June 2013, a criminal complaint was filed alleging Jose Pena struck a child with a leather belt causing bruising and lacerations and that he admitted to the same when interviewed by a worker with the Department of Human Services (DHS). A warrant issued for Pena's arrest the same day, and Pena was subsequently charged by trial information with child endangerment resulting in bodily injury and assault causing bodily injury. Pena was arrested in Georgia in 2017 and was extradited to Iowa. Pena ultimately pled guilty to the child-endangerment charge. At sentencing, the State recommended a term of imprisonment while Pena requested a deferred judgment or, in the alternative, a suspended sentence. The court sentenced Pena to an indeterminate term of incarceration not to exceed five years.

Pena appeals. He argues the district court improperly relied on unproven and unadmitted facts in sentencing, alleging the sentencing court, in denying his sentencing requests, relied on its unsupported assumption that he previously absconded from the state to avoid criminal prosecution. Pena specifically complains of the following statement by the court at the sentencing hearing:

> I do not feel in these circumstances that a deferred judgment is appropriate, and I'm not granting that to you. I also do not believe that probation is going to be successful. *You were out of the State of Iowa for many, many years before arrested and brought back here to address these charges in the first place, and I fear that we'll just be in that situation again if I grant you any sort of probation.*

(Emphasis added.)

Our review is for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not vacate a sentence on appeal 'unless

the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors.'" *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014) (quoting *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998)).

Sentencing courts are free to consider unchallenged portions of the presentence-investigation report (PSI) in sentencing. *See Witham*, 583 N.W.2d at 678. The PSI prepared in this case notes the instant offense occurred in Iowa in June 2013 and Pena was arrested in Georgia in August 2017, after which he was extradited to Iowa. The PSI additionally notes that, during Pena's interview with DHS in 2013, DHS called law enforcement in front of Pena and just days later Pena "left town and went back to New York." The PSI finally notes Pena reported to the PSI investigator that in 2013, he "got in trouble and left the State." Pena did not challenge any of these notations in the PSI.[1] We conclude these unchallenged portions of the PSI, which were permissible considerations, are sufficient to establish the matter Pena complains the court relied on in denying his sentencing requests—the fact that Pena had previously left Iowa and had to be brought back to address these charges. *See State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (noting the issue in improper-consideration challenges "is simply one of the sufficiency of the record to establish the matters relied on" (quoting *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000))). Accordingly, we affirm Pena's sentence.

**AFFIRMED.**

---

[1] Pena only lodged a "factual objection" as to the PSI's notation that DHS requested Pena to stay in town and keep in touch.