# IN THE COURT OF APPEALS OF IOWA

No. 18-0103
Filed February 20, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DALLAS EDWARD FORKNER,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.

Defendant appeals his convictions on two counts of possession of methamphetamine with intent to deliver, second offense. **AFFIRMED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, LLP, Ames, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Dallas Forkner appeals his convictions on two counts of possession of methamphetamine with intent to deliver, second offense. We find Forkner failed to preserve error because he did not object to the statement in the presentence investigation report (PSI) concerning risk assessments at the time of the sentencing hearing. We affirm his convictions.

## I.       Background Facts & Proceedings

On November 27, 2017, Forkner pled guilty to possession of methamphetamine with intent to deliver, second or subsequent offense, in violation of Iowa Code section 124.401(1)(b)(7) (2016), a class "B" felony. He also pled guilty to possession of methamphetamine with intent to deliver, second or subsequent offense, in violation of Iowa Code section 124.401(1)(c)(6) (2017), a class "C" felony.

Prior to sentencing on the two offenses, a PSI report was prepared, which stated, "Department risk assessments indicate the defendant is at high risk to reoffend." Forkner filed a sentencing memorandum, which challenged some statements in the PSI but not the statement he had a high risk to reoffend. The district court stated it would consider the PSI to be amended by Forkner's comments in the sentencing memorandum. After this, the court asked, "Can the court rely on the contents of the PSI from the defendant's perspective?" Defense counsel stated, "Yes, Your Honor." The court stated it would consider the PSI as corrected.

The district court then stated,

> I frankly think in light of your criminal history that you're at high risk to re-offend. That's—I don't have any magic ball up here. So I don't know. I hope you don't re-offend. But your history is that you re-offend.
>
> Okay. The PSI author said you're at high risk to re-offend.

The court sentenced Forkner to a term of imprisonment not to exceed seventy-five years on the first charge and thirty years on the second charge, to be served concurrently. He now appeals, claiming the court improperly considered the PSI statement he was a high risk to reoffend.

## II.    Standard of Review

We will not vacate a sentence on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014) (quoting *State v. Witham,* 583 N.W.2d 677, 678 (Iowa 1998)). "However, '[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required,' even if it was 'merely a secondary consideration.'" *Id.* at 243 (quoting *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000)).

## III.    Sentencing

Forkner claims the district court abused its discretion by considering the statement in the PSI, "Department risk assessments indicate the defendant is at high risk to reoffend." He states the consideration of "risk assessments" is an improper sentencing factor.

"The primary function of the presentence investigation report is to provide pertinent information to aid the district court in sentencing a defendant." *Grandberry*, 619 N.W.2d at 402. "In determining a defendant's sentence, a district

court is free to consider portions of a presentence investigation report that are not challenged by the defendant." *Id.* When a defendant does not object to information in a PSI report, "the sentencing court [is] free to consider it." *Witham*, 583 N.W.2d at 678.

We conclude Forkner failed to preserve error because he did not object to the statement in the PSI concerning risk assessments at the sentencing hearing. *See State v. Gordon*, 921 N.W.2d 19, 23–24 (Iowa 2018) ("If, as Gordon argues, we need further evidence to determine whether the court violated his due process rights by using these risk assessment tools, the defendant must bring that matter to the court's attention at the time of sentencing."); *State v. Guise*, 921 N.W.2d 26, 29 (Iowa 2018) ("Here, Guise not only failed to raise a due process issue at the time of trial, but as in *Gordon*, he told the court it could rely on the information in the PSI. For this reason, we find Guise failed to preserve his due process claim for direct appeal.").

Due to Forkner's failure to object to the reference to risk assessment in the PSI during sentencing, we do not address his claims on direct appeal. *See Gordon*, 921 N.W.2d at 24. We affirm Forkner's convictions.

**AFFIRMED.**