# IN THE COURT OF APPEALS OF IOWA

No. 17-1718
Filed January 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RANDALL BROCKSIECK,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Randall Brocksieck appeals the sentence and restitution order imposed following his guilty plea. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GREER, Judge.**

Randall Brocksieck appeals the sentence and restitution order imposed following his guilty plea.[1] On our review, we affirm Brocksieck's sentence, vacate the restitution order, and remand for entry of a final restitution order.

### I. Background Facts and Proceedings.

Brocksieck pleaded guilty to one count of failure to stop at the scene of an accident resulting in death in violation of Iowa Code section 321.261(4) (2016), a class "D" felony.[2] The district court accepted his guilty plea and ordered a presentence investigation report (PSI). The PSI included a sentencing recommendation concluding that, even though Brocksieck was at a low risk to reoffend according to the Iowa Risk Assessment Revised instrument, incarceration was appropriate given the circumstances of the case.

At the sentencing hearing, Brocksieck's counsel acknowledged receiving the PSI, noted he saw "no material corrections or changes" to make to the PSI, and recommended probation. The State recommended a five-year prison term.

The district court sentenced Brocksieck to a prison term not to exceed five years. The court imposed a $5000 fine and a thirty-five percent surcharge. The

---

[1] Brocksieck appeals from a guilty plea for a class "D" felony. Because the relevant judgment and sentence was entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) is not applicable here. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also* Iowa Code § 814.6(1)(a)(3) (limiting appeals from guilty pleas for crimes other than class "A" felonies).

[2] Brocksieck also pleaded guilty to one count of operating without insurance, a simple misdemeanor, charged under a separate case number. That plea and the sentence of a $500 fine are not relevant to this appeal.

court also ordered Brocksieck to reimburse the State for the cost of court-appointed counsel. Brocksieck appeals.

## II. Standard of Review.

We review the district court's sentence for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not disturb a sentence unless the defendant shows an abuse of discretion or a defect in the sentencing procedure. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). An abuse of discretion occurs when the "court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). We review claims of ineffective assistance of counsel de novo. *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987).

"We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). "[W]e determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* (alteration in original) (quoting *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004)).

## III. Analysis.

Brocksieck raises three claims on appeal: (1) the PSI improperly included a sentencing recommendation; (2) the district court erred by considering improper factors when imposing the five-year sentence; and (3) the court erred by ordering Brocksieck to pay court-appointed trial and appellate attorney fees.

**A. PSI Sentencing Recommendation.** First, Brocksieck argues that the department of correctional services (DCS) sentencing recommendation in the PSI is a procedural defect that requires resentencing. We disagree. These sentencing

recommendations are not binding on the court. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Nor does the court abuse its discretion by considering a sentencing recommendation. *Id.* For that reason, it was not a procedural defect for DCS to include a sentencing recommendation in the PSI.

**B. Sentence.** Next Brocksieck contends the sentencing court abused its discretion in imposing judgment and sentence. Iowa Rule of Criminal Procedure 2.23(3)(d) requires the trial court to state on the record the reasons for a sentence. "'[I]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required,' even if it was 'merely a "secondary consideration."'" *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (quoting *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000)).

"In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724. "It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* at 724–25.

At the sentencing hearing, the district court stated the reasons for the sentence on the record,

> Well, Mr. Brocksieck, I've looked at your presentence investigation. You were charged and pled guilty to leaving the scene of an accident on January 12, 1998. You were fined at that time. You were charged with leaving the scene of an accident on July 21, 2001. You received 12 months supervision and judgment withheld. You were charged

with operating an uninsured motor vehicle on multiple occasions, and yet you continue to drive.

You haven't really done much with your life. It's unfortunate. You're 38 years old, and you have a part-time job delivering phone books. You live with your mother. You don't have a GED. . . .

The problem is that you have—you're a serial accident maker. Leaving the scene of an accident twice before indicates to me that you knew what the consequences were going to be on this date, and you still left the scene, despite the fact that the victim was, obviously, in dire need of aid. I don't know whether it would have made a difference. It's irrelevant under the statute whether or not it would have made a difference. But in this case the impact that you had, as you heard from the family, is that they don't know whether or not it would have made a difference. There was somebody that came on the scene shortly after you left. But, again, that's not an excuse that it would not have made any difference if you did stop and call an ambulance and call law enforcement.

There is something to be said about facing the consequences of your actions. In this case, your actions caused the family of this person, even if it was an accident, untold grief because you left that person in the middle of the street, subject to further harm if it occurred. In this case, it didn't. But I think—as they stated, they could have accepted the fact that this was an accident, but leaving somebody out in the middle of the street in dire need of aid is, in my opinion, inexcusable. You showed callous disregard for the welfare of a human being, and that's—that's why this statute's a felony, as opposed to a misdemeanor, because, again, the consequences are so great. So based on your criminal record, as well as the facts and circumstances of this case, the court does find that a period of incarceration is warranted.

Brocksieck points to several factors referenced by the court. He argues it was impermissible for the court to consider his part-time job and the fact that he lived with his mother and to assume that he was a "serial accident maker" with no proof he was at fault in the prior accidents. Brocksieck also argues the court did not give sufficient reasons to justify the sentence and fine it imposed.

1. *Brocksieck's employment status and living situation.* Nothing in the sentencing record suggests the court considered Brocksieck's job and living situation as aggravating factors. The district court's decision to impose a term of

incarceration was "based on [Brocksieck's] criminal record, as well as the facts and circumstances of this case," not his living situation or financial status. As Brocksieck concedes, these considerations are appropriate to determine his financial responsibility, whether his employment could aid in his rehabilitation and ability to restore the victim, and to decide whether a suspended sentence was appropriate. *See Formaro*, 638 N.W.2d at 725 ("[B]efore deferring judgment or suspending sentence, the court must additionally consider the defendant's . . . employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing."). We find no abuse of discretion on this claim.

2. *Calling Brocksieck a "serial accident maker."* Brocksieck next argues it was impermissible for the trial court to call him a "serial accident maker" because there is no evidence that he caused the accidents that formed the basis of his prior criminal convictions. The sentencing court may not rely on facts or allegations not established by the evidence or admitted by the defendant. *Witham*, 583 N.W.2d at 678.

While the district court called Brocksieck a serial accident maker, in its next sentence the court followed up by noting two prior convictions for leaving the scene of an accident. Brocksieck does not argue that these convictions are unproven, only that there is no proof that he was at fault for the accidents underlying the charges. Despite the use of the term "accident maker," the court's concern was not that Brocksieck caused the accidents but that Brocksieck fled the scene after being involved in the accidents. We conclude that the district court did not abuse

its discretion by considering Brocksieck's past similar criminal behavior in rendering its sentence.

3. *Reasons for sentence.* Finally, Brocksieck argues the district court did not give unique reasons for the sentence and fine imposed because leaving the scene of an accident involving a death is common to everyone convicted of this offense. Brocksieck's arguments have no merit. Here, the district court considered Brocksieck's criminal history and recounted the facts of the fatal accident Brocksieck caused by hitting a pedestrian and leaving him in the street severely injured and subject to the risk of further injury. The court explained,

> [L]eaving somebody out in the middle of the street in dire need of aid is, in my opinion, inexcusable. You showed callous disregard for the welfare of a human being, and that's why this statute's a felony, as opposed to a misdemeanor, because, again, the consequences are great. So based on [Brocksieck's] criminal record, as well as the facts and circumstances of this case, the Court does find that a period of incarceration is warranted.

Moreover, the district court imposed a sentence within the guidelines for a class "D" felony.[3] Brocksieck has failed to show an abuse of discretion.

**C. Restitution Order.** Finally Brocksieck argues the district court erred by ordering him to pay restitution for his court-appointed trial and appellate attorney fees because the court failed to consider his reasonable ability to pay when it imposed the restitution order. The State counters that Brocksieck's claims are not ripe for review, were not preserved, and are without merit.

---

[3] "A class 'D' felon, not an habitual offender, shall be confined for no more than five years, and in addition shall be sentenced to a fine of at least seven hundred fifty dollars but not more than seven thousand five hundred dollars." Iowa Code § 902.9(1)(e).

The court may order attorney fees as restitution when the defendant is reasonably able to pay. *Albright*, 925 N.W.2d at 159; *see also* Iowa Code §§ 815.9(5), 910.3. The court must set the amount of restitution at the time of sentencing. *Albright*, 925 N.W.2d at 160. "If not all of the items of restitution are available at the time of sentencing, the Code allows the sentencing court to file temporary, supplemental, and permanent orders prior to the final plan of restitution." *Id.* "This constellation of orders is the plan of restitution." *Id.* "Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay." *Id.* at 160–61.

At sentencing, the court ordered Brocksieck to pay his trial attorney's fees and court costs because he was employable upon release from prison. The district court determined Brocksieck had the reasonable ability to pay court-appointed attorney fees not to exceed $800 and directed the clerk of court to file notice of the amount approved. Yet the record does not reflect that the court entered a final restitution order. So we vacate the portion of the sentencing order discussing restitution and remand for a final determination of the amount of restitution and Brockseick's reasonable ability to pay.[4]

---

[4] The corrected sentencing order should not include any language requiring Brocksieck to affirmatively challenge his ability to pay appellate attorney fees prior to their imposition. *See, e.g.*, *State v. Singleton*, No. 18-0397, 2019 WL 1494641, at *3 (Iowa Ct. App. Apr. 3, 2019) (finding the exact language used in Brocksieck's original sentencing order regarding appellate attorney fees to be improper).

**IV. Conclusion.**

For all of the above stated reasons, we affirm in part and vacate in part the district court's sentencing order and remand for a final restitution order.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**