# IN THE COURT OF APPEALS OF IOWA

No. 19-0980
Filed October 21, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**NICHOLAS RAY CROTTS,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark Fowler, Judge.

Defendant appeals the sentence imposed for his conviction of domestic abuse assault, third or subsequent offense. **AFFIRMED**.

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

On appeal, Nicholas Crotts argues the sentencing court abused its discretion in requiring a three-year mandatory minimum on his five-year term of incarceration in considering only one sentencing factor.[1] We find the court considered multiple adequate factors. The court did not rely on clearly untenable or unreasonable grounds in determining the sentence. Therefore, we affirm.

## I. Background Facts and Proceedings

On October 16, 2018, Crotts entered the workplace of S.V. and chased her with a pair of scissors, in spite of S.V. having a valid protective order against Crotts. Crotts was charged with domestic assault, third or subsequent offense, in violation of Iowa Code section 708.2A(4) (2018).

On March 12, 2019, Crotts appeared in court with counsel and entered a guilty plea. Crotts admitted he had been convicted of domestic-abuse assault two previous times, in 2017 and 2018, making this his third offense. Before entering his guilty plea, Crotts confirmed he understood the charge against him, the effects of his guilty plea, and that a prison term of five years would be mandatory. Crotts also confirmed he fully understood he would not be eligible for a suspended sentence or a deferred judgment and the sentencing judge would set a mandatory minimum sentence anywhere from at least one year to the full five-year sentence. *See* Iowa Code § 902.13(1) ("A person who has been convicted of a third or

---

[1] This appeal is properly heard despite Crotts's guilty plea because the amended Iowa Code section 814.6 does not apply as Crotts's sentence was handed down before July 1, 2019. *See State v. Macke*,933 N.W.2d 226, 233 (Iowa 2019) (explaining the amended section does not retroactively apply to pleas and sentences entered before July 1, 2019).

subsequent offense of domestic abuse assault . . . shall be denied parole . . . until the person has served between one-fifth of the maximum term and the maximum term. . . .).

On May 13, Crotts was sentenced to incarceration not to exceed five years with a three-year mandatory minimum to be served before parole would be available. In delivering this sentence, the judge stated:

> THE COURT: Well, it's my duty under the law to review what is available to me in terms of the following community resources, the appropriate rehabilitative plan for you, and to consider that the public must be protected.
> In doing so, I look at the seriousness of the crime, the effect that the crime has upon members of the community, your willingness to accept change and treatment, if necessary, and what is available in this community to assist you in the process.
> First, I look at the least restrictive alternatives, and then I proceed to the more restrictive alternatives. I have reviewed the presentence investigation report and have considered the information it contains.
> . . . .
> . . . I'm going with three-fifths on the sentence must be served. The reason for that is your criminal history is lengthy, and it's pretty lengthy for a person of your age. It's also the nature of the offenses, being this is the third time we've had this offense that we've dealt with.

Crotts appeals this sentence.

## II.    Standard of Review

An appellate court "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (citing *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998)). "A district court abuses its discretion when it exercises its discretion on grounds [or for reasons] clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

## III.    Discussion

Crotts contends the court abused its discretion in setting three years as a mandatory minimum sentence because it considered only one factor in deciding this sentence.  The court's only discretion in this sentence was the mandatory minimum to be set, as a five-year sentence with at least a one-year minimum was obligatory.  *See* Iowa Code § 902.13(1).  Before sentencing a defendant, the court must consider the pertinent information and relevant factors of the particular case to properly exercise its discretion.  *Id.* § 901.5; *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977).  In delivering the sentence, the court also had a duty to disclose its reasoning.  Iowa R. Crim. P. 2.23(3)(d) ("The court shall state on the record its reason for selecting the particular sentence.").

Crotts is correct that a discretionary sentence based on a single factor is improper.  *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (citing *State v. Dvorsky*, 322 N.W.2d 62, 66–67 (Iowa 1982)).  However, a court is not required to list all the factors considered.  *Id.* ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").  Furthermore, a sentencing court is "cloaked with a strong presumption" of properness and regularity.  *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) (citing *State v. Lloyd*, 530 N.W.2d 708, 713 (Iowa 1995)); *see State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983).  This is a presumption that Crotts fails to overcome.

From the record, we find the sentencing court considered several adequate factors in determining the sentence.  The court explicitly listed factors such as criminal history, age, and the nature of the offense in question, and the court afforded proper consideration to the societal goals of rehabilitation and community

protection. *See Formaro*, 638 N.W.2d at 724 ("In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." (citing Iowa Code § 901.5 (1999))). None of the numerous factors considered by the trial court were improper. The court, in exercising its discretion, did so in a tenable and reasonable manner. Therefore, we affirm the sentence.

## IV. Conclusion

We conclude the court did not abuse its discretion in setting a three-year mandatory minimum term of Crotts's five-year sentence. Accordingly, we affirm.

**AFFIRMED.**