# IN THE COURT OF APPEALS OF IOWA

No. 19-2036
Filed November 30, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHAWN EASTMAN-ADAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Shawn Eastman-Adams appeals an order for consecutive sentences. **AFFIRMED.**

Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

Shawn Eastman-Adams[1] appeals from a sentencing order. She argues the district court erred in ordering that her prison sentence in this Black Hawk county case should run consecutively to her sentence in a separate Grundy County case. We affirm.

**I. Procedural and Factual Background**

In August 2018, the State charged Eastman-Adams with theft in the first degree, a class "C" felony.[2] An amendment charged Eastman-Adams with the habitual offender enhancement under Iowa Code section 902.8 (2017).

In November 2019, Eastman-Adams went to trial on the theft charge. Viewed in the light most favorable to the verdict, the evidence showed Eastman-Adams became acquainted with a couple who owned a business in Waterloo. Over a period of several months, Eastman-Adams made numerous false statements to the couple. As one example, Eastman-Adams falsely claimed she had kidney transplant surgery. Through these false statements, Eastman-Adams played on the couple's sympathies. Eastman-Adams convinced them to "loan" her tens of thousands of dollars for food, medication, rent, transportation, and so on. But all the while Eastman-Adams had no intention to pay the money back. Instead,

---

[1] Eastman-Adams's brief sometimes refers to her as "Shawn Tompkins" and asserts "Ms. Tompkins['s] dissolution of marriage was finalized during the pendency of this action and her maiden name restored." Eastman-Adams does not cite, and we have not found, a dissolution decree in the record. So we refer to her as Eastman-Adams, the name in the caption of her appellate brief.

[2] In this same case, the State also charged Eastman-Adams with making a false report of an indictable crime ("false report"), a serious misdemeanor. Both charges were tried together. The jury found Eastman-Adams guilty of false report, and the court entered sentence. On appeal, Eastman-Adams does not attack the conviction or sentence for false report. So we do not mention it further.

Eastman-Adams was simply engaging in an elaborate, multi-month scheme to bilk the couple.

The jury found Eastman-Adams guilty of theft in the first degree. As to the habitual offender enhancement, Eastman-Adams waived her right to trial, admitted to three prior felony convictions, and admitted she was represented by counsel in all three cases. The court accepted her admissions and scheduled sentencing. The court was aware that a presentence investigation report (PSI) had been completed recently for a Grundy County case that also involved a felony theft conviction.[3] So the court only requested an updated PSI.

Sentencing occurred in December 2019. The State recommended prison. *See* Iowa Code § 902.8. And the State asked the court to run this sentence consecutive to the sentence in the Grundy County case.

The defense recommended probation. The defense also requested that, "[i]f the court is not willing to sentence her to a probation term, . . . the sentence in this case [should] run concurrent to the Grundy County case."

The court sentenced Eastman-Adams to prison. And the court ordered its sentence would run consecutively to the Grundy County sentence because of the "repetitive nature" of the two crimes, both of which were "felony-type thefts committed in short proximity to one another." Eastman-Adams appeals.

---

[3] The Grundy County file is not part of our record on appeal. But our record contains some references to it. Our sentencing transcript suggests that, like the current case, the Grundy County case involved a charge of felony theft as a habitual offender. The PSI suggests the Grundy County case involved a charge of "Theft 2nd," an arrest date of March 23, 2018, and a conviction date of June 3, 2019.

**II. Standard of Review**

We review sentencing challenges "for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). We bear in mind that "[t]he district court's sentence is cloaked with a strong presumption in its favor." *State v. Goad*, No.17-1057, 2018 WL 2084834, at *1 (Iowa Ct. App. May 2, 2018) (citing *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). And "[w]e afford [a] strong presumption of regularity to the sentencing court due to the great confidence we place in our judges to exercise their discretion appropriately." *Id.* (citing *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998)). We will find an abuse of discretion only "when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Hopkins*, 860 N.W.2d at 553 (citation omitted).

**III. Analysis**

Eastman-Adams claims the district court "abused its discretion by imposing a term of imprisonment to be served consecutively to the sentence imposed" in the Grundy County case. To be clear, though, Eastman-Adams does not claim the court lacked statutory authority to order consecutive sentences, *see* Iowa Code § 901.8, or that the district court failed to adequately state its reasons for doing so, *see State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). Instead, Eastman-Adams suggests the district court failed to adequately consider her individual circumstances, such as her criminal history, history of disability, limited resources, lack of family support, childhood trauma, multiple divorces, status as a victim of domestic violence, and health history. *See State v. Leckington*, 713 N.W.2d 208,

216 (Iowa 2006) ("The punishment should fit both the crime and the individual." (citation omitted)).

We disagree. The district court announced that it had considered not only the nature of the offense and "the attending circumstances," but also Eastman-Adams's "age," her "character," and her "propensities or chances for reform." *See id.* (noting district courts should "[w]eigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of [their] reform" (alteration in original) (citation omitted)). The court also specifically mentioned Eastman-Adams's criminal history, including "the repeated nature of [her] thefts over the course of [her] lifespan." Plus the court announced its "full and fair consideration" of the PSI, which spanned seventeen pages, mostly single-spaced. It provided the court with extensive information about the topics mentioned in Eastman-Adams's brief: her criminal history, health problems, family history, social history, and so on.

Eastman-Adams also suggests that one of the victims "ignored 'red flags' and warnings" about Eastman-Adams. Therefore, Eastman-Adams suggests, the victim was "complicit[] in her [own] financial losses." In Eastman-Adams's view, this weighs against consecutive sentences.

We cannot agree. We will not encourage criminals to defraud well-intentioned people *and then claim* that the victims' misplaced trust could somehow justify a lesser punishment. Certainly, the district court was not obliged to adopt Eastman-Adams's reasoning, through which she hopes to minimize her responsibility by blaming her victim.

In short, we find "no merit" in Eastman-Adams's "contention that the court failed to give adequate consideration to the mitigating circumstances of the case." *See State v. Witham*, 583 N.W.2d 677, 678–79 (Iowa 1998). The sentencing court properly exercised its discretion. We affirm.

**AFFIRMED.**