STATE of Iowa, Appellee,

v.

James Eugene WITHAM, Appellant.

No. 97–1453.

Supreme Court of Iowa.

July 29, 1998.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Vicki R. Danley, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

PER CURIAM.

Pursuant to a plea agreement, the defendant, James Witham, pled guilty to three counts of committing lascivious acts with a child in violation of Iowa Code section 709.8(1) (1997). The pleas involved offenses with three young girls. A presentence investigation report (PSI) was prepared. Among other things, the PSI investigator had obtained the defendant's prior psychiatric eval-

uations. One of the evaluations revealed the defendant had sought counseling in 1992 to address the residual guilt and shame he felt in connection with his sexual abuse of his stepdaughter seventeen years earlier.

At the sentencing hearing the defendant admitted he had some counseling in 1992 because he had a problem of being attracted to young girls. He characterized himself as a "good person with a bad problem."

When the State addressed the sentencing court it referred to prior incidents in which the defendant had allegedly abused two additional children. Although the State did not identify the additional victims, it is apparent from the record that one of them was the defendant's stepdaughter. The other victim was a person who had purportedly moved to Florida and was beyond the State's service of process.

The court sentenced the defendant to three consecutive five-year terms. In explaining the reasons for its sentence, the court specifically referred to the fact that the defendant had previously committed a similar offense, had received treatment for it, and had reoffended.

The defendant has appealed. He argues the court erroneously relied on unprosecuted and unproven prior incidents and his sentence must be reversed and remanded. The defendant also claims the court failed to give adequate consideration to mitigating factors and abused its discretion in imposing consecutive sentences.

■ Our review is for the correction of errors at law. Iowa R.App. P. 4. A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors. *State v. Wright,* 340 N.W.2d 590, 592 (Iowa 1983).

■ I. A court may not consider an unproven or unprosecuted offense when sen-

tencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it. *See State v. Mateer,* 383 N.W.2d 533, 538 (Iowa 1986); *State v. Black,* 324 N.W.2d 313, 315–16 (Iowa 1982); *State v. Messer,* 306 N.W.2d 731, 732–33 (Iowa 1981). At issue in this case is whether the contents of the PSI report constituted facts before the court which showed the defendant had committed a prior sexual offense against a child.

A PSI report is required to include mental health information about a defendant. *See* Iowa Code § 901.3(1). The defendant did not object to that portion of the PSI report which addressed his psychiatric evaluation, and the sentencing court was free to consider it. *See State v. Townsend,* 238 N.W.2d 351, 358 (Iowa 1976) (sentencing court properly considered unchallenged matters in PSI report).

■ The defendant did not claim the mental health portions of the PSI report were inaccurate, and he implicitly confirmed their accuracy by admitting he had a problem of being attracted to young girls and had received counseling in 1992. Under these circumstances, the unchallenged portions of the PSI report constituted sufficient facts from which the sentencing court could consider the defendant's prior sexual abuse of his stepdaughter. The sentencing court did not abuse its discretion in considering that offense.[1]

■ II. The defendant claims the sentencing court failed to give adequate consideration to his solid work history, his age (59), and his poor health. He further claims the sentences imposed by the court were unreasonable and do not accomplish justice.

A sentencing court is to consider any mitigating circumstances relating to a defendant. Iowa Code § 901.3(7). A review of the record reveals that the sentencing court specifically considered the defendant's lack of a

---

1. Nothing in the court's statements or in its judgment entry indicates it considered the State's unsubstantiated allegation that the defendant had also abused an unidentified person who now lives in Florida. A trial court's sentencing decision is cloaked with a strong presumption in its favor, and a sentence will not be disturbed absent some showing by the defendant that the sentencing court actually considered unproven or unprosecuted offenses. *See State v. Stanley,* 344 N.W.2d 564, 568 (Iowa App.1983).

prior criminal record, his age, and his military and employment background. There is no merit to the defendant's contention that the court failed to give adequate consideration to the mitigating circumstances of the case.

■ Given the serious nature of the defendant's offenses and the number of victims, the sentencing court was well within its discretion in imposing consecutive sentences and they are affirmed.

**AFFIRMED.**