# IN THE COURT OF APPEALS OF IOWA

No. 3-1248 / 13-0617
Filed February 5, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MELVIN LOUIS BURKS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.


Appeal from the sentence imposed following a plea to conspiracy to deliver a controlled substance. **AFFIRMED.**


Rees C. Douglas, Sioux City, for appellant.

Mark Campbell, Sioux City, for amicus curiae.

Thomas J. Miller, Attorney General, Mary Triick, Assistant Attorney General, Patrick Jennings, County Attorney, and Amy Klocke, Assistant County Attorney, for appellee.


Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Melvin Burks pleaded guilty to conspiracy to deliver a controlled substance, marijuana, in violation of Iowa Code section 124.401(1)(d) (2011). At sentencing, the State recommended a suspended sentence. Burks requested a deferred judgment. The sentencing court heard the testimony of two peace officers, Burks' statement in mitigation of his sentence, and the arguments of counsel. The district court imposed a sentence of five years' incarceration, with said sentence to be suspended and defendant placed on probation. Burks appeals his sentence.

Burks first argues the district court failed to state sufficient reasons for imposition of the sentence. Iowa Rule of Criminal Procedure 2.23(d) requires the sentencing court to "state on the record its reason for selecting a particular sentence." The reasons need not be detailed so long as the stated reasons are sufficient to permit appellate review. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010); *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). Here, the district court stated the reasons for its sentencing decision during the sentencing hearing and in its written judgment and sentence. The reasons included: allowing the maximum opportunity for rehabilitation of the defendant; protection of the community from further offenses by the defendant; the defendant's age, prior record, employment circumstances, and family circumstances; the nature of the offense; the contents of the presentence investigation; and "defendant's lack of remorse and responsibility for his actions." The articulated reasons for imposition of the sentence are sufficient to comply with rule 2.23(d). *See State v.*

*Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) (stating the sentencing court's announced reasons may be terse, succinct, and brief and affirming imposition of sentence where the reasons given were substantially similar to this case).

Burks also argues the court may have impermissibly considered an unproven assault charge referenced by the prosecutor at the time of sentencing. "A district court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "Where the sentencing court improperly considered an unprosecuted or unproven charge, we will remand the matter for resentencing." *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013).

Burks does not point to any specific statement of the district court demonstrating the district court considered the unproven assault charge. Indeed, Burks states the "record is too thin to show whether or not the court illegally relied upon" the unproven offense. The sentencing court's decision enjoys a strong presumption in its favor. *Id.* Burks' speculation that the district court may have considered the unproven assault charge is insufficient to overcome the strong presumption in favor of the sentencing court's decision. *See id.* ("To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses."); *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("We will not draw an inference of improper sentencing considerations which are not apparent from the record."); *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (stating the defendant must

demonstrate that the sentencing court made a statement showing it actually relied on an unproven conduct).

Furthermore, we disagree the record is "too thin" to determine the reasons underlying the district court's sentence. As set forth above, the district court stated numerous reasons or factors supporting its decision. The district court never referred to the unproven assault charge. The district court was not required to explicitly negate the prosecutor's reference to the unproven assault charge. Nor was the district court required to explain why it did not find Burks' statement in mitigation compelling enough to defer judgment. *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) ("The sentencing court . . . is generally not required to give its reasons for rejecting particular sentencing options."). The mere fact the sentencing court was aware of an improper sentencing factor, such as an unproven charge, is not sufficient to overcome the presumption it properly exercised its sentencing discretion. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990).

**AFFIRMED.**