# IN THE COURT OF APPEALS OF IOWA

No. 15-1666
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER LAME,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal (plea) and Richard G. Blane II (sentencing), Judges.

Defendant challenges his sentence. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR CORRECTION OF SENTENCE.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ. Blane, S.J., takes no part.

**MCDONALD, Judge.**

Christopher Lame pleaded guilty to burglary in the second degree and two counts of harassment in the first degree. He was sentenced to an indeterminate term of incarceration not to exceed fourteen years, said sentence suspended, placed on supervised probation, ordered to reside at the Fort Des Moines Residential Facility until maximum benefits are received, and ordered to be held at the Polk County jail until space became available at the residential facility.

Lame contends the district court impermissibly relied on unproved criminal conduct in determining his sentence. We conclude the argument is without merit. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When a defendant challenges a sentence on the ground the district court considered unproved criminal conduct, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). Here, the challenged criminal conduct is set forth in the presentence investigation, which the defendant agreed could be relied upon for the purposes of sentencing. This is sufficient to establish the criminal conduct for consideration at sentencing. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (holding district court did not abuse its discretion in relying on unchallenged matters in presentence investigation); *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (stating the sentencing court may consider the contents of a presentence investigation where the defendant does not object).

Lame also contends the district court imposed an illegal sentence. Specifically, Lame contends the district court did not have the statutory authority to confine Lame in the county jail until space became available at the residential facility. The State concedes the sentence is illegal. We conclude this portion of the sentence is illegal and must be vacated. *See State v. Cottrell*, No. 14-0594, 2014 WL 7343448, at *2 (Iowa Ct. App. Dec. 24, 2014) (holding "the court did not have the statutory authority to temporarily confine [the defendant] to the county jail until space became available at the residential facility, the sentence was illegal and must be vacated"). We remand this matter to the district court to correct Lame's sentence by striking the requirement he be confined in the county jail until space becomes available in the residential facility.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR CORRECTION OF SENTENCE.**