# IN THE COURT OF APPEALS OF IOWA

No. 16-1432
Filed April 5, 2017

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**GABRIEONA L. FORD,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, Mark J. Smith (guilty plea) and Paul L. Macek (sentencing), Judges.


　　　Defendant appeals her convictions and sentence on three counts of child endangerment resulting in injury.  **AFFIRMED.**


　　　Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Gabrieona Ford appeals her convictions and sentence on three counts of child endangerment resulting in injury. We find the district court did not abuse its discretion in sentencing Ford. The record does not show the court relied on inappropriate factors for the sentence. We affirm Ford's convictions and sentence.

Ford lived with Jannero Mendez and her three daughters. On December 17, 2015, the State charged Ford with child endangerment, multiple acts, and two counts of child endangerment resulting in injury. Each count related to one of the children.

On June 24, 2016, Ford pled guilty to three counts of child endangerment resulting in injury, in violation of Iowa Code section 726.6(6) (2015). During the plea colloquy, Ford specified she was pleading guilty under section 726.6(1)(e), which provides a person commits child endangerment if the person:

> Knowingly permits the continuing physical or sexual abuse of a child or minor. However, it is an affirmative defense to this subsection if the person had a reasonable apprehension that any action to stop the continuing abuse would result in substantial bodily harm to the person or the child or minor.

The district court accepted Ford's guilty pleas to the three charges.

A sentencing hearing was held on August 24, 2016. The court sentenced Ford to a term of imprisonment not to exceed five years on each charge, with counts I and II to run consecutively, and count III to run concurrently to the other counts. The court stated:

> The defendant should be incarcerated for the following reasons: The recommendation of the State and the reasons for that recommendation; the recommendation of the presentence

investigator and the reasons for that recommendation; the nature of this offense. First of all, we have three separate victims. The age of the victims at the time of the crime were approximately eight months, two years, and three years. The violence inflicted on each of the victims, the neglect. The eight-month-old was suffering from conditions of starvation. For reasons of specific deterrence, that means that you'll never do these things or allow these things to happen again to any child in your care; and also general deterrence so that the whole world knows that this sort of thing should not occur, in case anybody needed to be told.

Also for the reasons that I just stated, Count I and Count II should run consecutively. Count III will run concurrently with Counts I and II. For purposes of the reasons for the consecutive nature of the sentencing, I think it is particularly telling that the eight-month-old had rib fractures. Even in a child that age, it must take significant force to break a bone. And the fact that that child was suffering from starvation. Again, we have three separate victims.

Ford now appeals her convictions and sentence.

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

Ford claims she did not plead guilty to physically abusing the children herself; she states she knowingly permitted the continuing physical abuse of the children by Mendez. Ford claims the district court gave reasons for the sentence, which showed the court attributed the physical abuse of the children to her. She states the district court abused its discretion during sentencing by considering unproven offenses.

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013). "A trial court's sentencing decision is cloaked with a strong presumption in its favor, and a sentence will not be disturbed absent some showing by the defendant that the sentencing court actually considered unproven or unprosecuted offenses." *State v. Witham*, 583 N.W.2d 677, 678 n.1 (Iowa 1998).

We find the district court did not make any statements showing the court considered unproven or unprosecuted offenses. It was appropriate for the court to review the injuries suffered by Ford's three children because Ford pled guilty to knowingly permitting the continued physical abuse of the children. The extent of the physical abuse she knowingly permitted was a factor for the court to consider. We conclude the district court did not abuse its discretion in sentencing Ford.

We affirm Ford's convictions and sentence on three counts of child endangerment causing injury.

**AFFIRMED.**