# IN THE COURT OF APPEALS OF IOWA

No. 17-0967
Filed January 24, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ROY LEE ROBERSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Roy Roberson appeals the sentence imposed following his guilty plea to second-degree robbery. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ. Tabor, J., takes no part.

**MULLINS, Judge.**

Roy Roberson appeals the sentence imposed following his guilty plea to second-degree robbery.  He contends the sentencing court abused its discretion when it failed to adequately consider mitigating factors regarding the circumstances in which the crime was committed, namely that he committed the crime to support his family and he did not intend to hurt anyone, as he brandished a fake weapon.

In imposing sentence, the court stated it considered Roberson's "quite extensive" criminal history, "the impact of the offense on the victim and others," and Roberson's "intensive risk for future violence and . . . victimization."  *See* Iowa Code §§ 901.11(3), 902.12(3) (2017).  In addition, the court noted its recognition that Roberson may not have intended to hurt anyone and that he and his family have been impacted by the crime; the court also noted it reviewed and considered Roberson's presentence investigation report, which included, among other things, Roberson's statement that he committed the crime to support himself and his family.  *See id.* § 901.3(1)(g); *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) ("A sentencing court is to consider any mitigating circumstances relating to a defendant.").

The court expressly noted its consideration of the sentencing factors contained in Iowa Code section 901.11(3).  It implicitly noted its consideration of the mitigating factors Roberson contends it failed to consider.  The fact that the court did not discuss the mitigating factors as extensively as the aggravating factors in its sentencing colloquy does not show that the court abused its discretion; it only shows that the court appropriately exercised its discretion in

finding the aggravating circumstances outweighed the mitigating circumstances and concluding a harsher sentence was therefore appropriate. Because the court had good reason to do so, we find no abuse of discretion and affirm Roberson's sentence.

**AFFIRMED.**