# IN THE COURT OF APPEALS OF IOWA

No. 17-1159
Filed January 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RANDIN MICHAEL JOHNSON,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman

Salic, District Associate Judge.

Defendant challenges his sentence following conviction for driving while

barred.  **AFFIRMED.**

Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Randin Johnson pleaded guilty to driving while barred, an aggravated misdemeanor, in violation of Iowa Code section 321.561 (2017). The district court sentenced Johnson to twenty-one days in jail and granted him work release. In this appeal, Johnson challenges his sentence, contending the district court abused its discretion in imposing sentence by relying on impermissible sentencing factors.

We review sentencing decisions for correction of errors at law. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Discretion expresses the notion of latitude." *State v. McNeal*, 897 N.W.2d 697, 710 (Iowa 2017) (Cady, C.J., concurring specially). An abuse of discretion will be found only when a sentencing court acts on grounds clearly untenable or to an extent clearly unreasonable. *See Formaro*, 638 N.W.2d at 724. Reliance on an impermissible sentencing factor is a defect in the sentencing proceeding. *See id.* However, the presumption of regularity afforded the sentencing court can be overcome only by clear evidence the sentencing court actually relied on the impermissible factor in exercising its discretion. *See id.* at 724–25. We will neither assume nor infer the district court relied on an impermissible factor without clear evidence in the record to the contrary. *See id.* at 725.

On this record, we cannot conclude the district court relied on an impermissible factor. The district court stated it considered Johnson's age, prior criminal history, driving history, the nature of the offense, and the fact the

defendant minimized his conduct. None of these considerations are impermissible. The defendant's challenge to his sentence is without merit, and we affirm the defendant's sentence without further opinion.

**AFFIRMED.**