**IN THE COURT OF APPEALS OF IOWA**

No. 17-1370
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MONTE DEAN NEUBAUER,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman

Salic, District Associate Judge.


        Defendant challenges his conviction and sentence for driving while barred

and possession of a controlled substance. **AFFIRMED.**


        Dylan J. Thomas, Mason City, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.


        Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Monte Neubauer pleaded guilty to three counts of driving while barred, in violation of Iowa Code section 321.561 (2017), and one count of possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5), all aggravated misdemeanors subject to an indeterminate term of incarceration not to exceed two years each. At sentencing, the prosecutor recommended the defendant be incarcerated for a term not to exceed four years, and the defendant requested the sentences be suspended and he be placed on supervised probation. The district court, based on the defendant's age, employment history, family circumstances, and criminal history dating to 1981, including thirteen convictions for driving while barred, ordered the sentences be served consecutively for a total term of incarceration not to exceed eight years. The defendant timely filed this appeal.

The defendant first contends the district court abused its discretion in imposing sentence. Specifically, the district court abused its discretion in not acceding to the prosecutor's recommended sentence. We review sentencing decisions for correction of errors at law. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Discretion expresses the notion of latitude." *State v. McNeal*, 897 N.W.2d 697, 710 (Iowa 2017) (Cady, C.J., concurring specially). An abuse of discretion will be found only when a sentencing court acts on grounds clearly untenable or to an extent clearly unreasonable. *See Formaro*, 638 N.W.2d at 724. Here, the record reflects the district court considered

only permissible factors and came to a reasoned decision based on the entirety of the circumstances. The defendant's mere disagreement with the district court's exercise of discretion is not a ground for relief. *See, e.g., State v. McDowell*, No. 17-0679, 2017 WL 6034123, at *1 (Iowa Ct. App. Dec. 6, 2017) (noting that mere disagreement with sentencing decision is not a ground for relief).

The defendant next contends his guilty pleas were not knowing and voluntary because he had an expectation the district court would follow the prosecutor's recommendation. Setting aside issues of error preservation, we proceed directly to the merits. The claim is directly contradicted by the record. The plea agreement here was not a binding plea agreement accepted pursuant to Iowa Rule of Criminal Procedure 2.10. During the plea colloquy, the defendant acknowledged he understood the district court "could impose any sentence up to the maximum penalties for each offense and could order that those—all four of those sentences be served consecutively or one after the other." The district court then asked the defendant again whether he understood that he was "facing up to eight years in prison." The defendant responded in the affirmative. The claim is without merit.

We affirm the defendant's convictions and sentences.

**AFFIRMED.**