# IN THE COURT OF APPEALS OF IOWA

No. 17-1611
Filed July 18, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**GERALD DEAN WILLIAMS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

　　　　The defendant appeals his sentence upon conviction for four counts of burglary in the third degree and one count of theft in the second degree. **AFFIRMED.**

　　　　Tabitha L. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Gerald Williams pleaded guilty to four counts of burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A(2) (2017), and one count of theft in the second degree, in violation of Iowa Code sections 714.1 and 714.2, all as a habitual offender. The district court sentenced Williams to an indeterminate term of incarceration not to exceed forty-five years with a mandatory minimum sentence of nine years. On appeal, Williams contends the district court abused its discretion in imposing sentence. He requests this court resentence him and either grant him probation or order the counts to run concurrently for a term of incarceration not to exceed fifteen years.

We review sentencing decisions for correction of errors at law. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Discretion expresses the notion of latitude." *State v. McNeal*, 897 N.W.2d 697, 710 (Iowa 2017) (Cady, C.J., concurring specially). An abuse of discretion will be found only when a sentencing court acts on grounds clearly untenable or to an extent clearly unreasonable. *See Formaro*, 638 N.W.2d at 724.

Here, the record reflects the district court considered only permissible factors and came to a reasoned decision based on the entirety of the circumstances. The defendant contends the district court should have balanced the relevant interests in a way more favorable to the defendant. However, the defendant's mere disagreement with the district court's exercise of discretion is not a ground for relief. *See, e.g.*, *State v. Neubauer*, No. 17-1370, 2018 WL 1099229,

at *1 (Iowa Ct. App. Feb. 21, 2018) (stating disagreement with the sentencing court's decision is not a ground for relief); *State v. McDowell*, No. 17-0679, 2017 WL 6034123, at *1 (Iowa Ct. App. Dec. 6, 2017) (noting that mere disagreement with sentencing decision is not a ground for relief).  In addition, Williams's request for this court to resentence him is not proper.  This court is a court for the correction of legal error.  *See* Iowa Code § 602.5103 (providing the court of appeals "constitutes a court for correction of errors at law").  It is not a sentencing court.  *See State v. Louisell*, 865 N.W.2d 590, 606 (Iowa 2015) (Mansfield, J., dissenting) ("The close question for me is not whether we can sentence Louisell on our own to life with parole.  Clearly, we cannot do this.  We are not a sentencing court.").

For these reasons, we affirm the defendant's sentences.

**AFFIRMED.**