# IN THE COURT OF APPEALS OF IOWA

No. 19-2089
Filed March 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORDAN FARSHID ALLEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Jordan Allen appeals the sentences imposed upon three criminal convictions. **AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Jordan Allen appeals the sentences imposed after pleading guilty to crimes in two cases. In the first case, he pleaded guilty to burglary in the third degree and theft in the second degree, both as a habitual offender. In the second case, he pleaded guilty to burglary in the third degree as a habitual offender. The district court sentenced Allen to terms of imprisonment not to exceed fifteen years with mandatory minimums of three years on all three convictions, with the sentences in the first case to be served concurrently to one another and the sentence in the second case to be served consecutively to the sentences in the first case. The court also ordered the sentences to be served consecutively to Allen's remaining prison term in a parole-revocation case.

Allen appeals,[1] claiming the court abused its discretion in imposing a prison sentence and in ordering the sentence imposed in the second case be served consecutively. Specifically, he claims the court "did not adequately consider [his] rehabilitative mitigating factors including his drug addiction, acceptance of responsibility for the crimes, his supportive family, and remorse for his actions." He asserts appropriate consideration of these factors should have resulted in suspended and concurrent sentences.

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate

---

[1] Allen's convictions resulted from guilty pleas. The State agrees Allen has "good cause" to appeal because he is challenging the sentences imposed instead of his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

matters.'" *State v. Boldon*, ___ N.W.2d ___, ___, 2021 WL 297435, at *8 (Iowa 2021) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "[A] sentencing court is to consider any mitigating circumstances relating to a defendant." *State v. Crooks*, 911 N.W.2d 153, 173 (Iowa 2018) (quoting *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998)).

At the sentencing hearing, defense counsel highlighted Allen's "drug addiction," struggles therewith, and need for treatment; his age; his continued acceptance of responsibility; the return of property related to the crimes; his support system as evidenced by letters to the court[2]; and the non-violent nature of the crimes. In his statement of allocution, Allen noted his "great family," drug addiction and resulting poor choices, sincere remorse, acceptance of responsibility, and willingness to do "whatever it takes to make it right" with the victims.

The court thanked both defense counsel and Allen for their statements. The court acknowledged its belief Allen was sincere in his statements, Allen's positive supports, his drug addiction and desire for treatment, and the fact that the crimes were not violent in nature. However, the court ultimately determined a prison sentence was appropriate. In light of there being separate and distinct criminal acts, there being multiple victims, the fact Allen was on parole at the time of his crimes, and his criminal history, the court ordered a consecutive sentence in the

---

[2] At the sentencing hearing, defense counsel requested the court to consider "a few letters" that "were sent to the court and will be filed directly into the court file." The court stated it had already read them and agreed to consider them. Those letters, which were attached to the presentence investigation report, generally highlighted Allen's struggle with addiction and positive support system.

second case.

The record affirmatively establishes the court considered the mitigating factors Allen complains it did not. Counsel and Allen laid out those factors, and the court generally addressed them in reaching its sentencing decision. Even if the court failed to address every mitigating factor, it was not "required to specifically acknowledge each claim of mitigation urged by the defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). We find no abuse of discretion and affirm the sentences imposed.

**AFFIRMED.**