# IN THE COURT OF APPEALS OF IOWA

No. 20-0759
Filed April 14, 2021

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**FEMI JAMILA HILL,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

Femi Hill appeals the sentences imposed after she pled guilty to two crimes.

**AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Femi Hill appeals the sentences imposed after she pled guilty to second-degree theft and unauthorized use of a credit card.[1]  The district court sentenced Hill to concurrent terms of five years and two years in prison, respectively.  On appeal, Hill argues the district court abused its discretion in imposing imprisonment instead of probation.

When, as here, the court imposes a sentence within the statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable, which occurs when the district court decision is not supported by substantial evidence or when it is based on an erroneous application of the law."  *State v. Wicker*, 910 N.W.2d 554, 564 (Iowa 2018) (cleaned up).

The district court's sentence should "provide [the] maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others."  Iowa Code § 901.5.  Moreover, "the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's

---

[1] There is no right of appeal when a defendant has pled guilty except in some cases.  Iowa Code § 814.6(1)(a)(3) (2020).  But our supreme court has held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."  *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).  Hill challenges her sentence and not the guilty plea.

age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). The district court must then determine the appropriate sentence based on individual factors of each case, though no single factor alone is determinative. *See id.*

Hill contends the court "failed to give a rational basis for the extreme sentence imposed upon [her] given the record and evidence presented at the time of sentencing." In arguing against imprisonment, Hill notes her offenses were non-violent, her family relied on her, and her pre-existing health conditions put her at higher "risk of danger to being exposed to Covid-19" in the prison population. "A sentencing court is to consider any mitigating circumstances relating to a defendant." *State v. Withan*, 583 N.W.2d 677, 678 (Iowa 1998). But the court is not "required to specifically acknowledge each such claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

The sentencing court read all the letters from Hill's supporters. The court noted, "Taking the [presentence investigation (PSI)] report and the letters together, it's clear that there are many people who are dependent upon Ms. Hill to provide them with services of one sort or another." The court commented, "[n]ormally, in a nonviolent offense such as this, it would be very likely that a defendant would be sentenced to probation. This is an unusual case." The court went on, expressing concern that Hill had been on probation most of her life and was on probation or parole at the time of the current offenses. Furthermore:

> [Hill] has simply shown no remorse, taken no responsibility for her actions in this matter. She minimized her involvement. She minimalized the impact upon the victims in the matter, and that is all shown in the PSI.

The court is aware that sentencing [Hill] to incarceration may place her at risk, and . . . placing her at risk is not the goal of the court.

However, it's clear to the court that [Hill] has maintained a lifestyle of not abiding by the law and has done so in many states for many years. There's no reasonable likelihood that if placed on probation she will . . . continue to be successful, as she has not been successful while on probation currently.

The court is, frankly, greatly disappointed that providing [Hill] with community-based rehabilitative services has not been a success in this matter. There is no indication that it will be. For these reasons and based on the recommendation of the PSI author, the court will in this case sentence [Hill] to a term of incarceration.

The sentencing court fully considered all pertinent matters and relied on appropriate factors when it determined Hill's sentences. Substantial evidence supports the sentences the district court imposed, and the court provided sufficient reasons for the sentences and properly applied the law in imposing it. Thus, the district court acted within its discretion in imposing Hill's sentences, and we affirm.

**AFFIRMED.**