# IN THE COURT OF APPEALS OF IOWA

No. 20-0737
Filed May 12, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALPHONZE EMANUEL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Alphonze Emanuel appeals the sentence imposed upon his criminal conviction. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Following the commencement of the COVID-19 pandemic's[1] wreak of havoc around the globe, our supreme court entered a number of supervisory orders concerning the pandemic's impact on court services. In the beginning, on March 14, 2020, the court ordered that "[f]or sentencing hearings through April 20, district courts may allow any party (the prosecutor, defense counsel, defendant, victims and witnesses) to appear by videoconference with that party's consent. To appear by videoconference, the defendant shall execute a written waiver."[2]

At that point in time, the sentencing hearing on Alphonze Emanuel's felony conviction, following his guilty plea, was scheduled to take place on March 30. On that date, the court entered an order continuing the hearing to April 13 because Emanuel had yet to complete a substance-abuse evaluation. In the order, the court directed, "The Sheriff shall make defendant available via audio visual closed-circuit television."

The supreme court entered another order on April 2, in which it extended the sentencing procedure through August 3 but modified it to provide parties could appear by either videoconference or telephone and directing that, "To appear by

---

[1] *See In re A.H.*, 950 N.W.2d 27, 34 n.6 (Iowa Ct. App. 2020) ("The novel coronavirus/COVID-19 is an ongoing international pandemic. To stem the spread, governments, including the state of Iowa, implemented emergency safeguards recommended by such agencies as the Center for Disease Control, which included social distancing and wearing of face masks. In Iowa, many businesses were ordered closed, people were encouraged to maintain six-foot distances between one another, and gatherings of ten or more people were discouraged.").

[2] Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Preparation for Coronavirus/COVID-19 Impact on Court Services* ¶ 7 (Mar. 14, 2020), *available at* https://www.iowacourts.gov/collections/470/files/1049/embed Document/.

videoconference or telephone, the defendant shall either (a) execute a written waiver or (b) make a waiver on the record. Other parties need not execute a waiver."[3] The order also directed "[c]riminal matters that cannot be continued or conducted by videoconference or telephone" to be conducted in person and "temporarily suspend[ed] the operation of any Iowa Court Rule or statute to the extent it is contrary to any provision of this order."[4]

Emanuel's sentencing hearing was held on April 13.[5] At the commencement of the hearing, the court explained: "Mr. Emanuel is participating in this hearing over audiovisual closed circuit TV from the Marshall County Jail" the State and defense counsel are participating "via ICN."[6] The court advised Emanuel as follows:

> I'm sure that your attorneys informed you that particularly with respect to the felony charge, you do have the right to make a personal appearance in court. And because of the current concerns with the COVID-19 virus situation, courts have been instructed to attempt to conduct most hearings through this means. Are you okay with proceeding by audiovisual closed circuit TV today?

Emanuel responded: "Yes, I am, Your Honor." The hearing proceeded, and Emanuel appealed following the imposition of sentence.[7]

---

[3] Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* ¶ 17 (Apr. 2, 2020), *available at* https://www.iowacourts.gov/collections/485/files/1076/embedDocument/.

[4] *Id.* ¶¶ 1, 44.

[5] The sentencing hearing also involved imposition of sentence on an aggravated misdemeanor conviction in a separate criminal case.

[6] As the State points out, ICN (Iowa Communications Network) "is a statewide, governmental network that includes a two-way videoconferencing system." *State v. Rogerson*, 855 N.W.2d 495, 497 (Iowa 2014). It is unclear from our record whether only audio or both audio and video were utilized by counsel.

[7] The State agrees Emanuel has "good cause" to appeal because he is challenging aspects of sentencing instead of his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). So we need not

On appeal, Emanuel claims his "waiver of his right to be personally present at his sentencing was not intelligent, voluntary, or knowing." We will not upset a sentence on appeal absent a showing of discretionary abuse or a defect in the sentencing procedure. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998).

Emanuel seems to argue he was coerced into waiving his personal presence, pointing to the court's preemptive order directing the sheriff to make him available by audio visual closed-circuit television and the court's advisement "that it had been 'instructed' by some higher authority to proceed not in person." He also complains he was not advised the supreme court's order allowed for in-person sentencing and the court could continue the matter for in-person sentencing at a later time. He argues these alleged deficiencies "rendered any consent to proceed by video conferencing unreasoned and uninformed; thus the waiver was invalid."

A defendant does have a right to personal presence at sentencing, but the right may be waived. *See State v. Webb*, 516 N.W.2d 824, 830 (Iowa 1994); *State v. Daniels*, No. 15-1601, 2016 WL 4803782, at *1 (Iowa Ct. App. Sept. 14, 2016). "To be valid, a defendant's waiver of the right to be present must be knowing, intentional, and unambiguous." *Daniels*, 2016 WL 4803782, at *2.

Here, the court specifically advised Emanuel of his "right to make a personal appearance in court." While the court advised it was *attempting* to conduct *most* hearings through videoconference, it specifically asked if Emanuel was okay with proceeding by those means on the day in question. Emanuel responded in the affirmative. Upon our review, we find no objective or subjective indices of coercion.

---

address Emanuel's claim that the amended version of section 814.6, effective July 1, 2019, does not apply.

The court specifically advised Emanuel of his right to personal presence and indicated the hearing did not have to proceed unless Emanuel was in agreement with that procedure. We find the waiver to be knowing, intentional, unambiguous, and therefore valid. *See id.* Consequently, we find no abuse of the court's discretion under the supervisory order to proceed by virtual means upon Emanuel's on-the-record waiver of personal presence. While Emanuel provides various reasons why he "may have wanted a sentencing hearing in person," we find none of them persuasive. While he claims his physical presence would better allow the court to assess his credibility or the sincerity of his attorneys and Emanuel in his statement of allocution, none of those bear on the knowing, intentional, and unambiguous nature of his waiver. Furthermore, Emanuel participated in the hearing by audiovisual means, so the court had a reasonable opportunity to assess his demeanor. And while waiver of personal presence would amount to a waiver of his right to allocution under normal, non-pandemic circumstances, Emanuel was provided an opportunity for allocution, which the court meaningfully entertained. *See id.* at *1.

Finding no abuse of discretion or merit to the alleged sentencing deficiency, we affirm Emanuel's sentence.

**AFFIRMED.**