# IN THE COURT OF APPEALS OF IOWA

No. 22-1397
Filed April 26, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRY WAYNE MCDOLE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Hans Becker, District Associate Judge.

Terry McDole appeals the sentence imposed following his guilty plea to domestic abuse assault, second offense. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly,  JJ

**VAITHESWARAN, Presiding Judge.**

Terry McDole pled guilty to domestic abuse assault, second offense. The district court adjudicated him guilty and sentenced him to a prison term not exceeding two years. The court ordered the sentence to run consecutive to sentences imposed in another case. The court's written order stated "[c]onsecutive sentences are imposed because the crimes for which the consecutive sentences are imposed[] involve separate and distinct crimes deserving of separate punishment in the form of consecutive sentences." The order further stated the "overall sentence" provided for McDole's "rehabilitation and the protection of the community." The court cited its consideration of "the sentencing recommendations of the parties as well as [McDole's] age and the facts, [his] criminal history, the need to deter [him] and others similarly situated from committing offenses of this nature, and the circumstances surrounding the particular offense."

McDole appeals his sentence. *See State v. Damme*, 944 N.W.2d 98, 109 (Iowa 2020) (holding good cause exists to challenge a sentence following a guilty plea). He argues the district court abused its discretion in imposing consecutive sentences. In his view, the court "did not mention" his "substance-abuse problem," which he characterizes as a "mitigating circumstance" that warranted treatment.

While courts are obligated to consider mitigating circumstances in imposing sentence, "they are not 'required to specifically acknowledge each such claim of mitigation urged by a defendant.'" *State v. Skipper*, No. 22-0944, 2023 WL 2674089, at *3 (Iowa Ct. App. Mar. 29, 2023) (quoting *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995)); *see also State v. Witham*, 583 N.W.2d 677, 679 (Iowa

1998). The district court's written reasons for imposition of consecutive sentences are virtually identical to reasons we have upheld. *See State v. Ganaway*, No. 17-0975, 2018 WL 2246847, at *4 (Iowa Ct. App. May 16, 2018) (finding no abuse of discretion where the sentencing order stated the sentences were consecutive based on "the separate and serious nature of the offenses"). At the sentencing hearing, the court also pointed out that the offense, which was the same as one of the offenses McDole was found to have committed in the other case, "occurred . . . eight days after his prior convictions."

We conclude the district court did not abuse its discretion in imposing consecutive sentences.

**AFFIRMED.**