# IN THE COURT OF APPEALS OF IOWA

No. 22-1512
Filed April 26, 2023

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**SEAN MICHAEL SAAKE,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.


　　Sean Saake appeals the sentence imposed on his criminal conviction. **AFFIRMED.**


　　Erin Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


　　Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

Challenging the sentence imposed on his conviction for stalking, Sean Saake claims "the district court erred by denying [his] request for a deferred judgment."

Saake does not argue the court abused its discretion by considering improper sentencing factors, allege any defects in the sentencing procedure, or claim the court disregarded the various mitigating circumstances placed before it. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure."); *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) ("A sentencing court is to consider any mitigating circumstances relating to a defendant.").

Instead, Saake simply submits the circumstances before the court should have led to a different result—a deferred judgment and probation rather than a term of incarceration.[1] In other words, Saake asks us to substitute the district court's judgment call with our own. Trouble is, "[o]ur task on appeal is not to second-guess the sentencing court's decision." *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (citation omitted); *accord Formaro*, 638 N.W.2d at 725. Because that is all Saake requests us to do, we could affirm without further discussion. *See, e.g., State v. Kraus*, No. 20-1041, 2021 WL 4891050, at *4 (Iowa Ct. App. Oct. 20, 2021) (declining to second guess sentence imposed where

---

[1] The district court sentenced Saake to 365 days in jail with all but seven days suspended and credit for time served, two years of probation, and a fine and surcharge. The court also extended the no-contact order between Saake and the victim for five years.

defendant did not allege failure to consider mitigating circumstances, consideration of improper factors, or any other defects in sentencing).

But, as Saake acknowledges, the court specifically noted its consideration of Saake's maximum opportunity for rehabilitation; protection of the public from further offenses; the circumstances of the offense; and all of Saake's claimed mitigating factors, including his completion of alcohol-abuse and domestic-violence courses and lack of criminal history. Also before the court were Saake's age and family and employment circumstances. While Saake takes issue with how the court weighed the proper sentencing factors it considered, "the district court enjoys the latitude" to weigh those factors as it sees fit. *See State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011). Here, the court "acted within its discretion" when it "reasonably considered the mitigating factors . . . and nevertheless declined to defer judgment in light of the totality of circumstances." *State v. Williams*, No. 14-2041, 2015 WL 6509043, at *2 (Iowa Ct. App. Oct. 28, 2015).

We affirm.

**AFFIRMED.**