# IN THE COURT OF APPEALS OF IOWA

No. 23-1259
Filed July 3, 2024

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**GEORGE DIAZ AVILA,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.


Defendant appeals his sentence, challenging the imposition of consecutive

terms of imprisonment.  **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.


Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

George Avila appeals the district court's imposition of consecutive prison terms for six counts of willful injury causing bodily injury, class "D" felonies, and one count of false imprisonment, a serious misdemeanor. He argues the district court failed to properly consider mitigating factors, in part because of an excessive focus on the nature of the offenses. He also asserts the district court failed to state sufficient reasons for consecutive sentences.

## I.  Background Facts and Prior Proceedings

While Avila's wife of thirty-four years was subjected to verbal and physical abuse for most of the relationship, this appeal concerns Avila's actions for a five-week period in mid-2022. As reflected in the minutes of testimony, from May 20 to June 27, 2022, Avila confined his wife to their home against her will. He inflicted on her a series of assaults, which included punching and stomping on his wife's hand, leg, ears, and vaginal area, causing numerous broken bones, and whipping her with a belt. In an effort to hide the injuries, Avila performed his own "medical interventions," which included draining blood from her ears using a blade and syringes.

Avila was arrested on June 28 after his wife escaped from their home and fled to the police station. She was covered in bruises from head to toe, had scarring and broken bones, and required medical attention. Following his arrest, Avila did not deny causing the injuries but indicated such were the result of "rough sex." He was charged in a sixteen-count trial information with charges that included kidnapping in the first degree, kidnapping in the second degree, willful injury causing serious injury, domestic abuse assault by strangulation causing

bodily injury, domestic abuse assault with a dangerous weapon, and domestic abuse assault causing bodily injury.

Avila later entered *Alford*[1] pleas to one count of false imprisonment and six counts of willful injury causing bodily injury.[2]  In doing so, he admitted there was strong evidence of his guilt.  Avila agreed that the court could consider the minutes of testimony and attached law enforcement reports to make an independent determination that there was strong evidence of his actual guilt.  Avila requested the court enter a deferred judgment; the State recommended consecutive sentences.  The district court imposed consecutive sentences for an indeterminate period of imprisonment not to exceed thirty-one years.  Avila now appeals.

## II.  Standard of Review

"Our review of a sentence imposed in a criminal case is for correction of errors at law."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  But "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure."  *Id.*  "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable."  *Id.*

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("The express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty.").
[2] The remaining counts were dismissed pursuant to the plea agreement.

### III. Sentencing

#### A. Consideration of Mitigating Factors

Avila argues the district court abused its discretion in sentencing by failing to properly consider mitigating factors, in part because of an excessive consideration of the nature of the offenses.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* The district court should consider "all pertinent information" and shall determine which sentence, in its discretion, "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2022). Importantly, the court "must exercise its discretion." *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). And consideration of "the nature of the offense; the attendant circumstances; and the defendant's age, character, propensities, and chances of reform are 'minimal essential factors' to be considered when exercising sentencing discretion." *Id.* (citation omitted).

In sentencing, the district court should also consider mitigating factors. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). And although the court should consider the nature of the offense, it "alone cannot be determinative of a discretionary sentence." *Dvorsky*, 322 N.W.2d at 67. Here, the record shows consideration of mitigating factors, and the court gave detailed consideration to factors beyond the nature of the offense. Additionally, the nature of the offense can be given "substantial weight" in sentencing. *Id.* No single factor was

determinative in this case, and the court did not err in its consideration of mitigating factors and the nature of the offense. *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979); *see also Witham*, 583 N.W.2d at 678.

At the sentencing hearing, the State requested incarceration and Avila requested a deferred judgment. The district court provided a thoughtful and comprehensive statement of reasoning at Avila's sentencing hearing:

> One of the hardest things that any judge does is decide what appropriate punishment should be for somebody who's committed a crime and appears before the Court for sentencing like the defendant in this case. The reasons it is difficult is because not only do we deal with difficult subject matters, but the Court has to decide, like a case that is before the Court now, where I have the discretion to choose between alternative sentencing options.
>
> I have to decide what will provide the defendant with the maximum opportunity for rehabilitation. I also have to balance that with a decision as to what will best protect the community from further offenses by the defendant or others who may consider committing the offenses that he has been convicted of, or at least pled guilty to committing.
>
> Luckily, I have some guidelines that I have to consider in exercising my discretion, things I need to consider and think about. One of the things I have to think about is anything that the defendant offers by way of mitigation. In this case, I have heard from the defendant that he's 53 years of age. He has a very limited criminal record. He was a business person. He graduated high school, earned a certificate for a career as a master plumber, and he worked in the business for over 20 years.
>
> I've also heard that he has in jail taken advantage of what treatment options were available. He's been sober for one year due to his incarceration. And I've also heard him today tell me that he takes responsibility for what he has done.
>
> So I have considered in making my decision all the mitigation evidence and comments made by the defendant through his allocution and by his counsel through their arguments on his behalf.
>
> Some other factors the Court has to consider are, number one, the defendant's age. As I said, the defendant is 53 years of age. The Court finds that fact significant in this case because the defendant is a mature adult. This is not an inexperienced youth who made an immature decision. This is a man who's 53 years of age, a businessman, a person with a lifetime full of experience on which to draw to make good decisions. The fact that he has chosen to act

like he has, certainly is something that the Court must consider in sentencing him today.

I also have to consider, and this is the most important thing the Court considers in this case, the nature of these offenses. The crimes the defendant committed were serious. Not only did they result in bodily injury, pain and suffering, both physical and mental, but they have clearly resulted in lots of emotional harm, not only to the direct victim but to her family.

I also must consider that the victim was helpless. She was completely at the mercy of the defendant. I also must consider the severe and lasting emotional harm to this victim, which she described eloquently. And, again, I appreciate her having the courage to come here today to do so. That severe and lasting emotional harm is especially egregious and deserving of severe punishment.

It's also clear that one of the other factors the Court needs to consider is the nature of the offense, is that the defendant acted alone. This wasn't a case where he was prodded along or goaded into committing this crime by somebody else. He himself made the decision to commit these crimes.

It's also clear that these crimes were not isolated incidents. They occurred on multiple occasions over a lengthy period for time. At each point the defendant made the conscious decision to not stop and to reengage and to brutalize his victim. This was torture. Plain and simple. Torture.

I heard the defendant talk about how he's lost everything in one blow, his freedom, his family, his customers, his money. What did he take away? His victim's peace of mind. Her dignity.

The degradation that you put this poor woman through, it's, frankly, stunning. And for you to sit here and focus about what you have lost without once saying I'm sorry is unbelievable. All you're concerned about is what was taken away from you.

Mr. Avila, if you had committed these acts against an animal, a dog or a cat, this courtroom would be full of people. There would be news cameras here. But there's not, because you committed it against a human being, your wife. And that's not your fault. That's a societal fault.

When I consider all of the sentencing recommendations, Mr. Avila, your request for a deferred judgment is denied. You are a danger not only to your family, your wife, but you're a danger to the public. The Court believes that your chances of reform will best be served by you being sentenced to prison, that your needs cannot be safely addressed in the community. It's only in a secure setting that you can get the help you need and hopefully will reform you so that these events don't happen to your wife or ex-wife or anybody else in your family, and, more importantly, or the same importance, I should say, anybody else in the community.

So even when I consider all the mitigation that you've offered by way of statements or evidence, the Court concludes that a prison term is just in this case, and the Court exercises its discretion, because I believe that sentence will provide you the maximum opportunity for rehabilitation and will serve to protect the public.

In our review, we determine the court appropriately considered any mitigating factors and also appropriately considered the nature of the offenses along with other permissible sentencing factors.

B. Imposition of Consecutive Sentences

Avila also alleges the court failed to state sufficient reasons for imposing consecutive sentences. The district court has "the discretion to determine if sentences should be served concurrently or consecutively." *State v. Luke*, 4 N.W.3d 450, 452 (Iowa 2024). Although, the court must state its reasons for choosing to impose consecutive sentences, *id.*, that statement of reasons need not be extraordinary, and "a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). But "a 'boilerplate' statement of reasons" is not sufficient to satisfy the requirement. *Luke*, 4 N.W.3d at 452. Even though the court must state its reasons for imposing consecutive sentences, "in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

As to the consecutive nature of the sentences, the district court stated:

Next question becomes how long should your prison sentence be. When I consider all of the things I've said earlier about the nature of these offenses and how that impacts your need for rehabilitation, the Court concludes that the only reasonable and just and

appropriate result the Court can reach in this case is that all of these sentences run consecutive to each other.

Before determining consecutive sentences were warranted, the court plainly stated its decision was in consideration of all factors previously discussed, specifically the nature of the offense and Avila's need for rehabilitation.[3] Reciting those factors for purposes of the consecutive nature of the sentences was sufficient. *See id.*

## IV.    Conclusion

Avila's assertions that the district court failed to properly consider mitigating factors and failed to state sufficient reasoning for its imposition of consecutive prison sentences are belied by the record. Nothing in the court's sentencing statement shows a decision made on grounds clearly unreasonable or untenable. *Formaro*, 638 N.W.2d at 724. And the district court, in imposing consecutive sentences, referenced the factors the court relied upon for imposition of a prison term, as well as the nature of the offenses and the need for rehabilitation. Accordingly, we affirm.

**AFFIRMED.**

---

[3] The court's written sentencing order noted the sentences were to run consecutive based on the separate and serious nature of the offenses.