# IN THE COURT OF APPEALS OF IOWA

No. 24-1016
Filed August 6, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHINE ACASO OLSON,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Chickasaw County, Joel Dalrymple, Judge.


        Shine Acaso Olson appeals the sentence imposed after pleading guilty. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.


        Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Shine Acaso Olson appeals the sentence imposed after pleading guilty to lascivious acts with a child.[1]  Because we find the court did not consider an improper factor nor did it apply a fixed sentencing policy as alleged by Olson, we affirm.

After soliciting and "having sexual intercourse" with a then-thirteen-year-old, the State charged Olson with second-degree sexual abuse.  But pursuant to a plea agreement, Olson pled guilty to lascivious acts with a child and was given a suspended prison sentence with two years of probation.  The terms of the plea agreement, which was entered pursuant to rule 2.10, were that the State would recommend a suspended sentence, but Olson was permitted to request a deferred judgment.[2]  The court accepted the plea agreement and ordered a presentence investigation (PSI) report.

At the sentencing hearing and pursuant to the parameters of the plea agreement, the court imposed the suspended sentence with two years of

---

[1] Defendants generally do not retain the right to appeal after pleading guilty unless they establish good cause.  *See* Iowa Code § 814.6(1)(a)(3) (2024).  But because Olson is challenging the discretionary sentence imposed rather than the plea itself, she established good cause to pursue her appeal.  *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] Under Iowa Rule of Criminal Procedure 2.10(3), the parties may agree to condition a plea agreement upon the court's acceptance.  If the court intends to reject the plea agreement, it must inform the defendant and provide him or her with the opportunity to withdraw the plea.  *See* Iowa R. Crim. P. 2.10(3)(b)(1).  While certain terms of Olson's plea agreement were governed by rule 2.10, such as the suspended prison sentence, the deferred-judgment determination was not.  The court was therefore free to accept or reject Olson's request for a deferred judgment without violating procedural rules.

probation.  But the court expressly denied Olson's request for a deferred judgment, stating:

> I guess just to cut to the chase, the real issue is whether or not the Court's going to be willing to grant you a deferred judgment.  I did have a chance to read over, obviously, the PSI; and so I have an understanding of the facts leading up to this, your cooperation throughout this.
>
> That said, you were facing a Class B felony.  You were facing mandatory time.  You were looking at some serious mandatory prison.
> . . . .
> That said, [the victim] was a thirteen-year-old child, and I can't in good conscience give you a deferred judgment.  I think everything that [defense counsel] said by way of a lack of prior criminal history, what I would ordinarily look at and consider to be a significant factor in the Court's consideration of a deferred judgment is whether this is an isolated incident; and it appears by all accounts to be so.
>
> However, I can't in good conscience, given the nature of this offense and the age of the child, grant a deferred judgment.

Olson appeals, challenging the court's reference to the original charges as consideration of an improper factor and claiming the court failed to exercise its sentencing discretion.  Our review of sentencing is for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).  "We will not reverse a sentence unless there is 'an abuse of discretion,'" *see id.* (citation omitted), which occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable," *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).  We consider each of Olson's arguments in turn.

First, Olson contends that the court improperly relied on the earlier charge, rather than the actual charge to which she pled guilty.  "A court may not consider an unproven . . . offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it."

*State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). But both circumstances are present here. The court expressly stated that it was relying on the facts outlined in the PSI report, which included reports by the victim that Olson invited him over to her residence, got him alone, complimented him, kissed him, and solicited him for sex. Afterwards, Olson continued to communicate with the victim, including about the sexual acts; when the victim asked "was it good for my first time," she replied, "it was amazing." Olson later confessed to her sister what she had done. All of these facts were contained in the PSI. In addition, the report included admissions by Olson herself, in which she confessed that she "did an awful thing" and "engaged in sexual relations with a minor." Because Olson did not challenge any portion of the PSI, the court was free to consider the statements when crafting her sentence. *See Gordon*, 921 N.W.2d at 24 (permitting the court to rely on the PSI when sentencing because "the defendant fail[ed] to object to the information contained in the PSI"). We therefore can find no abuse of discretion in the court's consideration of the facts contained in the PSI report when sentencing Olson.

Second, Olson argues that the court applied a fixed sentencing policy by denying her a deferred judgment. *See State v. Hildebrand*, 280 N.W.2d 393, 398 (Iowa 1979) (prohibiting the court from "impermissibly select[ing] only one an attending circumstance which triggered the court's previously-fixed sentencing policy"). Specifically, she points to the court's reliance on the victim's age when imposing her sentence, rather than mitigating factors which she argues should have been weighed differently. But we do not find that the court employed any fixed sentencing policy. Instead, the court expressly referenced several factors which contributed to its decision, including Olson's "cooperation throughout this,"

supportive familial situation, and lack of criminal history.[3]  But the sentencing court also weighed these factors against the severity of the case and the victim's age, which it found to be significantly aggravating.  While Olson does not agree with the court's decision not to grant her a deferred judgment, this is the nature of discretionary sentencing and "does not mean the choice of one particular sentencing option over another constitutes error."  *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).  Because the court weighed the factors and exercised its discretion to impose a particular sentence without considering an improper factor, we affirm Olson's sentence.  *Damme*, 944 N.W.2d at 103.

**AFFIRMED.**

---

[3] While the court expressly mentioned such mitigating factors, we do note that it was not required to.  *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The court's "failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered."  *Id.*