# IN THE COURT OF APPEALS OF IOWA

No. 24-0417
Filed August 20, 2025


**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**NICOLE SUE ELLEN RUBY,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Jesse Ramirez, Judge.


　　　Following her guilty plea to assault causing bodily injury or mental illness, the defendant challenges the sentence imposed, including the firearm prohibition. **AFFIRMED.**


　　　Brian Scott Munnelly, Omaha, Nebraska, for appellant.

　　　Brenna Bird, Attorney General, and Linda J. Hines (until withdrawal) and Nicholas Siefert, Assistant Attorneys General, for appellee.


　　　Considered without oral argument by Greer, P.J., Badding, J., and Potterfield, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

Nicole Ruby pled guilty to assault causing bodily injury or mental illness after she deployed chemical spray at a resident in her building without justification. *See* Iowa Code § 708.2(2) (2023). The district court accepted Ruby's guilty plea, sentenced her to fourteen days in jail, and suspended a $430 fine. In separate orders, it also extended the no-contact order protecting the resident and gave Ruby notice pursuant to section 724.31A that she "lost firearm rights because" she was "convicted within the previous three (3) years of any serious or aggravated misdemeanor defined in [c]hapter 708 not involving the use of a firearm or explosive." Ruby appeals.[1]

**Jail Time.** Ruby maintains the district court abused its discretion in sentencing her to fourteen days in jail because the joint recommendation in the plea agreement did not include jail time. But the district court was not bound by the recommendations in the plea agreement. And the maximum sentence the court could impose was one year, so the fourteen-day term was within the statutory limits. *See id.* § 903.1(1)(b) (allowing a one-year sentence for serious misdemeanors); *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor . . . ."). The court filed a written sentencing order, where it checked the boxes next to the factors it relied on

---

[1] Because she appeals after pleading guilty to a serious misdemeanor—not a class "A" felony—Ruby needs good cause to do so. *See* Iowa Code § 814.6(1)(a)(3) (2024). "[T]he good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain." *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020).

in deciding the appropriate sentence to provide a personalized sentencing rationale. *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) (providing that, when properly filled out, a check-the-box form is an acceptable way to express the court's reasons for a particular sentence imposed). And Ruby does not point to any inappropriate grounds considered by the court or any other defect in the sentencing procedure. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) ("A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors.").

"On our review, we do not decide the sentence we would have imposed." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). Our job is to decide "whether the sentence imposed was unreasonable." *Id.* While Ruby would have liked the district court to follow the parties' joint recommendation, the district court acted within its discretion when it sentenced her to fourteen days of jail time. *See State v. Wright*, 340 N.W.2d 590, 594 (Iowa 1983) (recognizing the right of the sentencing court "to balance the relevant factors in determining an appropriate sentence"). The sentence imposed was not unreasonable.

**Firearm Prohibition.** Ruby maintains she was prohibited from possessing firearms as part of her sentence; she contends she can challenge the constitutionality of the prohibition even though the issue was not raised to or decided by the district court. *See State v. Kieffer*, 17 N.W.3d 651, 661 (Iowa 2025) ("Ordinarily, errors in sentencing may be challenged on direct appeal even in the absence of an objection in the district court. . . . The failure to raise the constitutional challenge in district court does not . . . prevent us from considering

it on appeal." (cleaned up)). "[W]hether or not we can consider [Ruby's] constitutional challenge depends on whether the judgment and sentence order actually prohibits [her] from possessing firearms." *Id.* at 662.

Here, the district court issued the notice of firearm prohibition, the extended no-contact order, and the judgment and sentence order simultaneously. The judgment and sentencing order explicitly mentioned the no-contact order, which included a warning to Ruby that "[f]ederal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (18 U.S.C. § 922(g)(8))." And the firearm prohibition notice advised Ruby she lost her firearm rights. While the judgment and sentence order was silent to the firearm prohibition and Ruby was not ordered to immediately turn over any firearms she possessed, we conclude the firearm prohibition was a term of Ruby's sentence. *Compare id.* at 661–63, *with State v. Smith*, 17 N.W.3d 355, 362–64 (Iowa 2025) (concluding firearm prohibition was not term of a sentence when defendant challenged only the judgment and sentencing order—not the firearm prohibition notice that was filed several days later—and that order provided just the miscellaneous notice that people convicted of felonies are subject to other statutory provisions, including ones involving firearm rights; the judgment and sentencing order itself did not preclude the defendant from possessing firearms). So Ruby can challenge the firearm prohibition on direct appeal.

Ruby asserts the firearm prohibition deprives her of her constitutional right to acquire, carry, and possession firearms in the State of Iowa; she maintains it violates her rights under article I, section 1A of the Iowa Constitution. We understand Ruby to be challenging the firearm prohibition itself—not the *notice* she

was given that she lost her firearm rights. But she repeatedly states she is challenging Iowa Code section 724.31A. Before it was repealed on July 1, 2025, that statute required the clerk of the district court to "notify of the prohibitions imposed under this section." Iowa Code § 721.31A(1). The notice itself does not prevent Ruby from keeping and bearing arms. *See Kieffer*, 17 N.W.3d at 663 n.3 ("On its face the section 724.31A notice appears to be just that: a notice to [a defendant] that he is subject to other statutory provisions. It does not have any independent force."). It is Iowa Code sections 724.8(5) and 724.8B that prohibit Ruby from carrying dangerous weapons. *See also* Iowa Code § 724.15(2)(d) (providing "[a] person shall not acquire a pistol or revolver if the person is . . . [i]neligible to possess dangerous weapons pursuant to section 724.8B").

We do not reach the merits of Ruby's challenge to the constitutionality of the firearm prohibition. "In reviewing constitutional challenges to statutes, we must remember that statutes are cloaked with a presumption of constitutionality. The challenger bears a heavy burden . . . ." *Planned Parenthood of the Heartland v. Reynolds*, 962 N.W.2d 37, 45–46 (Iowa 2021) (cleaned up). Yet Ruby did not articulate a challenge to the statutes that actually prevent her from carrying a firearm. And we will not craft an argument on her behalf. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [the defendant] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023) ("We generally will not do a party's work for them, particularly if that requires us to assume a partisan role and undertake the party's research and advocacy." (cleaned up)).

The sentence imposed was not unreasonable, and we do not reach the merits of Ruby's constitutional challenge to the firearm prohibition; we affirm.

**AFFIRMED.**