# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1032
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Mekhi Jermaine White,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Ashley Stewart, Judge.

———————————

**AFFIRMED**

———————————

Alexander Smith of Parrish Kruidenier L.L.P., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

After pleading guilty to a violation of the sex offender registry, Mekhi White received a deferred judgment. White later stipulated to multiple violations of his probation, resulting in the district court's revocation of his deferred judgment and imposition of a five-year prison sentence. On appeal, White argues that the district court abused its discretion in sentencing him to a five-year term of imprisonment. Finding the district court did not abuse its discretion, we affirm.

## I.  Background Facts and Proceedings.

White initially received a deferred judgment after pleading guilty to one count of violating the sex offender registry requirements, a class "D" felony. *See* Iowa Code §§ 692A.104, .111 (2023). While on probation, White was charged with assault and third-degree criminal mischief. He was also accused of sending unwelcome messages to a woman and showing up to her job. Beyond that, White did not have stable employment, was not engaged in mental-health services, and did not have housing as required by the conditions of his probation. White stipulated to the probation violations involving the criminal charges against him. After a probation violation evidentiary hearing, the district court revoked his deferred judgment and imposed a five-year prison sentence. White appeals.

## II.  Standard of Review.

We review the district court's sentence for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not disturb a sentence unless the defendant shows an abuse of discretion or a defect in the sentencing procedure. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "An abuse of discretion will only be found when a court acts on grounds

clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted).

### III. Analysis.

White argues that the district court abused its discretion by sentencing him to prison. He contends that the court should have instead suspended his sentence on the condition that he be placed at a treatment-oriented, community-based correctional facility so he could access substance-use and mental-health evaluations and treatment.

After hearing evidence and arguments, the district court sentenced White to an indeterminate term of five years—within the statutory range for class "D" felonies under Iowa Code section 902.9(1)(d) (2025). When imposing sentences, the district court considers which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. The court weighs several factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Formaro*, 638 N.W.2d at 725. Before suspending a sentence, the court must also "consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Id.*; *see* Iowa Code § 907.5. The court is required to explain "its exercise of discretion by stating on the record the reasons for imposing a particular sentence," but "it is generally not required to give its reasons for rejecting particular sentencing options." *State v. Smith*, 17 N.W.3d 355, 359 (Iowa 2025) (cleaned up). Here, the district court met those tasks.

3

But White argues that the district court abused its discretion by sentencing him to prison. He contends that the court should have instead suspended his sentence on the condition that he be placed at a community-based correctional facility so he could access substance-use and mental-health evaluations and treatment. He further contends that the sentence is "clearly untenable or clearly unreasonable as it is not based on either logic, the sentencing statute, or the evidence presented in the case."

At the probation violation evidentiary hearing, White's probation officer testified about White's violations of the terms of probation. White was charged with assault of a security officer and with criminal mischief. Likewise, the probation officer discussed information received from two women who reported unwanted contact from White. Additionally, the probation officer described White's aggressiveness in the group treatment setting and lack of ability to control his behavior.

At the hearing, the district court stated its concern that White's escalating behavior showed he was a danger to the community. *See Formaro*, 638 N.W.2d at 724 (emphasizing the importance of societal goals and "protection of the community from further offenses"); *see also* Iowa Code § 901.5 (establishing community safety as a guiding sentencing factor). Leading up to its sentencing decision, the district court addressed White's aggression, anger management issues, and concerning behavior toward women—all while on probation. Additionally, the district court noted in its sentencing order its consideration of the nature and circumstances of the crime; the protection of the public from further offenses; and White's propensity for further criminal acts, mental-health history, age, character, and maximum opportunity for rehabilitation. *See* Iowa Code §§ 901.5, 907.5; *see also State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) (approving the

4

use of check boxes in sentencing forms to indicate the reasons behind the sentence the judge imposed).

Taken together, we find that the sentencing court properly exercised its discretion, as its sentencing "decision was not based on grounds clearly untenable or to an extent clearly unreasonable." *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (cleaned up).

## IV. Conclusion.

Upon our review, we affirm White's sentence.

**AFFIRMED.**